Dear Mr. Norris:
In your letter dated November 16, 1981, which was referred to this office by Mr. Maxie E. Cox, State Examiner, Municipal Fire and Police Civil Service, this office has been requested to address an inquiry concerning holidays and compensation for police and fire employees in the City of West Monroe. Specifically, the letter asked:
 1. Whether or not the following work day should be considered the employee's holiday when a holiday occurs on an employee's normal day off.
 2. Whether or not an employee's birthday should be included as a holiday.
 3. Whether or not the employee should be compensated one and one half (1 1/2) times the normal rate of pay.
In response to the first question, with regards to municipal firemen, R.S. 33:1999 states that firemen required to work on Christmas, New Year's Day, July 4th, Labor Day, Thanksgiving, and National Memorial Day shall be paid additional compensation or be granted time off. A similarly stated provision governing municipal police employees, R.S. 33:2214.1, states that police employees required to work on Christmas, New Year's Day, July 4th, Labor Day, and/or two other state legal holidays selected by the local governing authority shall be paid additional compensation or be granted commensurate time off. The extra pay is payable only to firemen and/or police employees who actually work on those *Page 2 
specific holidays. (Opinions of the Louisiana Attorney General, January 21, 1971)
However, in specific regards to the police employees, the Legislature, in the language of R.S. 33:2214.1, specifically provides that the local governing authority may grant additional holidays whereupon the additional compensation would be merited. As such, if the day that follows a holiday which falls on a police employee's day off is itself declared a holiday, then the additional compensation would be permissible. The Legislature included no such grant of authority in regards to firemen, but instead, specifically named the holidays upon which firemen could qualify for additional pay. For the local governing authority to classify the next regular working day on which a fireman would work as a holiday for the sake of granting the employee additional pay without such authority to do so, amounts to payment of a bonus for services rendered not ordinarily meriting additional pay. Therefore, such a grant of holiday status to the next regular working day is prohibited by Article VII, Section 4 of the 1974 Constitution. Except as otherwise provided for police employees, the City of West Monroe is obligated to pay the additional compensation only for those employees who work on a holiday.
Secondly, an employee's birthday is not recognized as a legal holiday which triggers application of R.S. 33:1999 and/or R.S. 33:2214.1 in regards to additional compensation. However, as stated above, R.S. 33:2214.1 permits the local governing authority the discretion to declare any other holidays for police employees other than those named as state legal holidays. As such, the local governing authority has within its discretion the authority to declare police employees' birthdays to be holidays for purposes of additional compensation.
Thirdly, the additional compensation set forth in R.S.33:1999 and R.S. 33:2214.1 is in the amount of one times the employee's regular rate (amounting to double regular pay for holiday worked), rather than one and one half (1 1/2) times the normal rate.
In conclusion, generally, the following work day may not be considered an employee's holiday when a holiday occurs on an employee's normal day off. Secondly, an employee's birthday is not a legal holiday for purposes of additional compensation, although R.S. 33:2214.1 grants the local governing authority the power to so declare it in regards to police employees. The additional compensation for working on a holiday is one times the regular rate.
Sincerely,
 William J. Guste, Jr. Attorney General
 By: Kenneth C. Dejean Chief Counsel